UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,                   :
                                            :
            -against-                       :
                                            :          **SUMMARY ORDER**
SHAUN TAYLOR and TIMOTHY PINKNEY,           :          10-CR-268 (DLI)
                                            :
            Defendants.                     :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

      Defendants Shaun Taylor ("Taylor") and Timothy Pinkney ("Pinkney," together with Taylor, "defendants") are charged with various narcotics trafficking, firearms, and murder offenses in a twelve-count superseding indictment ("Superseding Indictment") filed on December 17, 2012. (*See* Superseding Indictment, Doc. Entry No. 88.) Presently before the Court is the parties' dispute as to whether certain portions of Pinkney's recorded statement made to a confidential informant for the government while they were both detained in the Metropolitan Detention Center (the "MDC Recording"),[1] should be redacted. Familiarity with the facts and circumstances underlying this case is assumed for the purposes of this summary order.

      The government has submitted proposed redactions to the MDC Recording and contends that only the unredacted portions of the MDC Recording should be introduced as evidence in defendants' trial. (Tr.[2] at 426.) Defendant Pinkney argues that certain proposed redactions, as set forth on the record during the July 2, 2014 pretrial conference, should be submitted to the jury. (Tr. at 430-42.) Defendant Taylor seeks to introduce the entire MDC Recording without any redactions. (Tr. at 427-28.) Upon due consideration of the parties' arguments, both defendants' requests are denied.

---

[1] The Court held that the MDC Recording was admissible in its prior Opinion and Order dated April 24, 2014. (*See* Opinion and Order, Doc. Entry No. 139.)

[2] Citations to "Tr." refer to the Transcript of the Pretrial Conference held on July 2, 2014.

The Court thoroughly and carefully reviewed the transcript of the MDC Recording (the "transcript"). In the course of its review, the Court read the transcript both with and without the government's proposed redactions. The Court also closely considered the content of the proposed redactions. In the Court's view, none of the proposed redactions should be submitted to the jury because the overall effect of doing so would deprive both defendants of their Constitutional right to a fair trial and violate the Federal Rules of Evidence. Fed. R. Evid. 402 and 403.

Some of the proposed redactions have little relevance to the charges in this case, lack probative value, and would serve only to confuse the issues and the jury. Fed. R. Evid. 401, 402, and 403. (*See e.g.*, MDC Tr.[3] at 114-119.) Significantly, substantial portions of the transcript concern defendant Pinkney's purported commission of uncharged violent crimes that have little or no bearing on his relationship with the co-defendant or the charges in the indictment.[4] Such evidence would serve to inflame the jury and likely lead the jury to conclude that Pinkney, and possibly anyone associated with him, including co-defendant Taylor, has the propensity to commit the crimes charged. It is well settled in this circuit that such evidence is inadmissible. *See United States v. Quattrone*, 441 F.3d 153, 191 (2d Cir. 2006) (finding that "evidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it [in essence propensity reasoning]"); Fed. R. Evid. 404(b)(1). Moreover, this evidence is not admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

---

[3] "MDC Tr." refers to the transcript of the MDC recording.

[4] The stark detail and utter lack of remorse in Pinkney's recounting of these events, which also includes instructions in how to kill someone, only adds to the potentially inflammatory and prejudicial impact of the proposed redactions.

In other redacted portions, Pinkney discusses at least one uncharged violent crime allegedly committed by co-defendant Taylor, violent crimes committed by persons who are not defendants in this case, and Pinkney's desire to seek violent retribution against an unindicted co-conspirator over an incident unrelated to the instant charges. Besides having little relevance to the charges in the instant indictment, the questionable probative value of such evidence in connection with defendants' proposed defense strategy is substantially outweighed by a danger of unfair prejudice to both defendants, confusing the issues, and misleading the jury. Fed. R. Evid. 403. The Court cannot underscore sufficiently the inflammatory nature of the tone and content of the proposed redactions and the real risk of undue prejudice that the admission of such evidence may have as to both defendants such that it would undermine the fundamental fairness of the trial. The Court is mindful that the defendants have the right to defend themselves pursuant to their chosen strategy. However, the Court is not convinced that the defendants cannot pursue their defense strategy through other evidence presented during the course of the trial, including the balance of the transcript that will be introduced in evidence.

Besides the government's proposed redactions, the Court has identified an additional portion of the transcript that must be redacted. Beginning on page 45, line 31 of the transcript ("What you would have said, though?") and ending on page 47, line 34 ("It was nighttime"), Pinkney directly implicates Taylor in narcotics trafficking activity that took place before the commission of the Barnett homicide, but does not also implicate himself in any way. Although Pinkney briefly refers to his involvement with the Barnett homicide in this section, it is only a passing reference and is insufficiently relevant to justify including Pinkney's statements implicating Taylor in separate illegal conduct. As such, this statement is inadmissible hearsay. *United States v. Saget*, 377 F.3d 223, 227 (2d Cir. 2004); Fed. R. Evid. 804(b)(3).

In sum, the Court finds that the potential for prejudicial impact and confusion in the introduction of any of portion of the government's proposed redactions or the Court's additional redactions, far outweighs any probative value. Much of the content is exceedingly inflammatory, and would tend to cause the jury to find that the defendants had a propensity to commit the crimes charged. Other portions are simply irrelevant. Accordingly, the defendant Pinkney's request to submit certain redacted portions of the MDC Recording and defendant Taylor's request to introduce the entire recording as evidence are denied in their entirety.

## **CONCLUSION**

For the reasons set forth above, the defendants' request to submit redacted portions of the MDC Recording to the jury as evidence in their trial is denied. Moreover, the Court directs the government to redact an additional section of the MDC recording, from page 45, line 31 up to and including page 47, line 34.

SO ORDERED.

Dated: Brooklyn, New York
       July 3, 2014

/s/
DORA L. IRIZARRY
United States District Judge