Honorable Dora L. Irizarry
United States Court House in the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

United States of America v. Shaun Taylor
10- CR- 268 (DLI)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  JAN 0 6 2016  ★

**BROOKLYN OFFICE**

Dear Honorable Irizarry;

Now comes defendant Shaun Taylor, proceeding pro-se only for the purpose of writing this letter to the Court to respectfully ask for leave to submit this informal request to appoint an attorney for the defendant that specializes in post trial remedies and sentencing issues for the purpose to file a RULE 33 motion to Expand the Record.

Rule 33 of the Federal Rules of Criminal Procedure provides that upon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice requires. "Fed. R. Crim. P. 33(a) The Ultimate test is whether letting a guilty verdict stand would be a manifest injustice. There must be a real concern that an innocent person may have been convicted. "United States v. Canova, 412 F.3d 331, 349 (2nd Cir. 2005); accord Sanchez 969 F. 2d at 1413.

Ineffective assistance of counsel is ordinarily raised in a post conviction motion (habeas petition), pursuant to 18 U.S.C. 2255. The reason for this is that the record concerning counsel's performance ineffectiveness is ordinarily not developed prior to the entry of judgment in the district court. The issue is generally raised when new counsel comes into a case to handle the appeal and spots something that might have been done differently. However, after combing through all of the second circuit cases on the law library computer, I have found no case that forbids developing the record earlier so the matter can be raised at the earliest possible opportunity. This is indeed one of the rare cases where it is possible and prudent to discuss ineffective assistance before entering judgment so the issue can be considered at sentencing (where it matters) and then raised on direct appeal. Here, where there are so many issues that are apparent were done wrong, a Rule 33 motion to Expand the Record should be granted.

You Honor put it in words so very well;

The Court- I am appalled at the conduct of the Government in this case. I am appalled beyond words at the level of sloppiness, at the level of negligence, and I expect better. (Court record July 10, 2014-Page number 17)

In support of this request, the defendant attends to move to vacate his conviction with an anticipated filing of a Rule 33 of the Federal Rules of the Criminal Procedure filing in front of the Court to express the ineffective assistance claim has life for the following;

That his attorney(s) provided ineffective assistance of counsel when trial counsel failed to call various witnesses only known to trial attorney and the defendant. Trial counsel did not take the time out of his busy schedule to interview the witness(es) that would have exonerated the defendant.

That his attorney's provided ineffective assistance of counsel when trial counsel failed to introduce exculpatory evidence that would have exonerated the defendant.

That his attorney's provided ineffective assistance of counsel when trial counsel failed to object to erroneous evidence at trial presented in testimony by several witnesses.

That his attorney's provided ineffective assistance of counsel when his attorney's failed to review the discovery material, research a defense, and properly and competently prepare for trial by accurately assessing the case in chief.

That his attorney's provided ineffective assistance of counsel when Attorney Paul Rinaldo confirmed on the court record on

TRULINCS 76029053 - TAYLOR, SHAUN - Unit: BRO-J-C

------------------------------------------------------------------------------------------------

November 7, 2014 that he concurred with our assertion that he provided ineffective assistance of counsel during the time that he was the attorney of record on the instant matter.

In the interest of brevity and judicial economy, familiarity with the standard by which ineffective assistance counsel claims are analyzed is presumed. The defendant vehemently argues that counsel deprived him of his sixth amendment right to effective assistance of counsel when he failed to seek a judgment of acquittal on the grounds that the trial evidence available was legally insufficient to establish that the crime occurred by the defendant. The defendant further submits that had counsel moved the Court for a judgment of acquittal that there is a substantial likelihood that the Court (following the law) would have granted such a motion because of the evidence presented, if presented properly.

The defendant requests that the Court order new appointment of counsel that specializes in post conviction remedies to ascertain the viability of a Rule 33 motion to Expand the Record in front of the Court. It should be further ordered that the prior attorney's must release their attorney files and all correspondence between the government and counsel that includes but not limited to electronic mail, faxes, telexes, and mail along with any other related information that should be included with this request to newly appointed counsel within 10 days of appointment by the Court. It is the desire of the defendant to file a Rule 33 motion of the Federal Rules of Criminal Procedure to expand the record by ordering his prior attorney's to testify in order to preserve the record in the interest of justice to identify his claim.

Wherefore, upon the foregoing, this request should be granted in its entirety to prevent manifest injustice.

Respectfully submitted,

Shaun Taylor
Metropolitan Detention Center
Post Office Box #329002
Brooklyn, New York 11232
Inmate Number: 76029-053